

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2008

# Patel v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2119

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Patel v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1204.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1204

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2119

_____

ROMA BHAGUBHAI PATEL and
NIKHIL BABUBHAI PATEL,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A97 439 831/A97 438 832
Immigration Judge: Annie S. Garcy

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 15, 2008

_____

Before: McKee and Garth, Circuit Judges, and RODRIGUEZ, District Judge[*]
(Opinion Filed: May 19, 2008)

_____

**OPINION**

_____

_____

[*]The Honorable Joseph H. Rodriguez, Senior District Judge for the District of
New Jersey, sitting by designation.

GARTH, *Circuit Judge*:

Roma Bhagubhai Patel and Nikhil Babhubhai Patel petition for review of a Board of Immigration Appeals ("BIA") decision, which affirmed an order of an Immigration Judge ("IJ"), denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture. We will deny the petition.

## I.

Roma Bhagubhai Patel and Nikhil Babhubhai Patel are natives and citizens of India. They are also husband and wife. Mrs. Patel entered the United States in 1998 as a nonimmigrant visitor, authorized to remain for six months. She remained beyond this time without authorization. Mr. Patel entered the United States in 1999 as a nonimmigrant student. He failed to maintain his student status.

In an attempt to remain in the United States, the Patels sought the assistance of Pravin Patel ("Pravin"). The Patels purchased various documents from Pravin, such as United States passports, drivers licenses, and social security numbers. All of these documents were fraudulent. When the Patels attempted to use one of the documents to obtain a United States passport, officials discovered the document was not genuine. Mr. Patel then admitted to the officials that he purchased the documents from Pravin.

Mr. Patel began cooperating with federal law enforcement officials investigating Pravin's false documents ring. Apparently, Pravin contacted Mr. Patel and warned him that one of his associates said he would "take care of" Mr. Patel if he disclosed

information about the associate to federal law enforcement officials. Additionally, one of Mr. Patel's relatives warned him that Pravin may seek retribution for Mr. Patel's cooperation with the officials. Pravin's whereabouts are currently unknown. Mr. Patel believes, however, that he may be living in India.

The Department of Homeland Security ("DHS") commenced removal proceedings against the Patels in 2005. The DHS charged that Mrs. Patel was removable under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States beyond the period authorized. The DHS further charged that Mr. Patel was removable under 8 U.S.C. § 1227(a)(1)(C)(i) for failing to comply with the conditions of his admission. After conceding removability, the Patels applied for asylum, withholding of removal, and protection under the Convention Against Torture. Essentially, the Patels claim they possess a well-founded fear of persecution in India by Pravin and his associates for cooperating with federal law enforcement officials.

The IJ denied the Patels' applications and ordered them removed to India. The Patels then appealed to the BIA, which adopted and affirmed the IJ's decision. This petition timely followed.

## II.

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a)(1). Because the BIA adopted the IJ's findings and added its own reasoning, we review both the BIA's and the IJ's decisions. Jarbough v. AG of the United States, 483

F.3d 184, 191 (3d Cir. 2007). We uphold factual determinations if supported by substantial evidence, Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998), and will reverse them only if "any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). We review legal conclusions *de novo*. Toussaint v. AG of the United States, 455 F.3d 409, 413 (3d Cir. 2006).

### III.

The Patels first argue that the BIA erred in denying their applications for asylum because they possess a well-founded fear of future persecution from Pravin in India. To qualify for asylum based on a well-founded fear of future persecution, an applicant has the burden to show "that she has a genuine fear, and that a reasonable person in her circumstances would fear persecution if returned to her native country." Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). The persecution must be on account of the applicant's "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). This Circuit, along with the BIA, has defined persecution "to include threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993).

Upon reviewing the BIA's and IJ's decisions, we find no reversible error. As the IJ correctly noted in her decision, there is no evidence that Pravin is associated with the government of India in any way, or that the government is unable or unwilling to control him. For this reason, their petitions must fail. Gao, 299 F.3d at 272 (stating that, to

-4-

establish eligibility for asylum, an applicant must show that the persecution will be "committed by the government or forces the government is unwilling or unable to control."). Furthermore, as the IJ correctly noted, three years passed between the time that Pravin first learned of the Patel's cooperation with federal law enforcement officials and the date of the Patels' removal proceedings and that, during that time, the Patels resided at the same address. There was no evidence, though, that anyone attempted to harm them during that time. Moreover, the IJ found the Patels' claims of future persecution to be unreasonable because they could likely return to India and never be detected by Pravin due to the country's large size and immense population. See 8 C.F.R. § 208.13(b)(2)(C)(ii) (precluding a finding of a well-founded fear of persecution where the applicant could avoid persecution by relocating to another part of the country). All of these findings were supported by substantial evidence.

The Patels argue, though, that the IJ and BIA erred by not finding that they are "members of a particular social group" under 8 U.S.C. § 1101(a)(42)(A): namely, "non criminal informants from India who have cooperated extensively with law enforcement agencies in the United States." (Pet. Br. 19.) The BIA rejected this contention, citing its decision in In re C-A-, 23 I. &. N. Dec. 951, 952 (BIA 2006), which held that "non-criminal informants [are] not a 'particular social group.'" We will not disturb this ruling. Even if the Patels do belong to a particular social group, they have still failed to present any evidence that the government of India is unable or unwilling to control Pravin or that

they possess a well-founded fear of persecution. Accordingly, their petition must fail.

As we have held, the IJ's and BIA's denial of asylum may be reversed "only if the evidence presented by [the petitioner] was such that a reasonable fact finder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The Patels have not satisfied this burden. Accordingly, the IJ's and BIA's denial of the their asylum applications will not be disturbed.[1]

### III.

Next, the Patels argue that the BIA's and IJ's failure to consider the government's obligations under the "state-created danger theory" violated their substantive due process rights under the Fifth Amendment of the United States Constitution. Under the state-created danger theory, "the government has a constitutional duty to protect a person against injuries inflicted by a third-party when it affirmatively places the person in a position of danger the person would not otherwise have faced." Kamara v. AG of the United States, 420 F.3d 202, 216 (3d Cir. 2005). The Patels argue that, by offering to help the government in its investigation of Pravin, the government had a duty to ensure that Pravin would not harm them. In Kamara, though, we unequivocally rejected the applicability of the state-created danger theory in the immigration context. Id. at 217.

---

[1]In their briefs, the Patels do not challenge the BIA's and IJ's denials of their applications for withholding of removal and protection under the Convention Against Torture. Accordingly, those claims have been waived. See Alaka v. AG of the United States, 456 F.3d 88, 94 (3d Cir. 2006).

Therefore, we will not grant the petition on this ground.[2]

IV.

For the foregoing reasons, we will deny the petition.

_____

[2]The Patels have moved for a "stay of removal pending resolution of the petition for review." Inasmuch as we have denied the Patels' petition, we will deny their motion as moot.